FILED

JUL 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RELINA SIANIPAR, | No. 09-73306 |
| Petitioner, | Agency No. A099-346-631 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Relina Sianipar, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from the

immigration judge's decision denying her application for asylum, withholding of

removal, relief under the Convention Against Torture ("CAT"), and cancellation of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Sianipar argued to the BIA that her untimely asylum application should be excused based on changed country conditions in Indonesia, and based on the extraordinary circumstances of her pregnancy and ineffective assistance of counsel. Among other reasons, the BIA rejected Sianipar's changed country conditions and pregnancy arguments because it found that Sianipar failed to file her asylum application within a reasonable period of time. The BIA rejected Sianipar's ineffective assistance of counsel argument because she did not meet the threshold requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Sianipar does not raise any challenges to these findings. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). We lack jurisdiction to consider Sianipar's equitable tolling and due process arguments regarding the one-year bar because she did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not raised to the agency). Thus, we deny the petition as to Sianipar's asylum claim.

09-73306

With respect to Sianipar's claim for withholding of removal, substantial evidence supports the BIA's determination that the harm suffered by Sianipar does not rise to the level of persecution. *See Nagoulko*, 333 F.3d at 1016-17. Even under a disfavored group analysis, substantial evidence supports the BIA's determination that Sianipar failed to establish sufficient individualized risk of persecution to establish it is more likely than not that she would be persecuted. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner failed to demonstrate sufficient evidence of individualized risk of harm under a disfavored group analysis to establish a well-founded fear of future persecution); *Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir. 2009) ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant"). We reject Sianipar's contention that this case should be remanded in light of *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010). Thus, Sianipar's withholding of removal claim fails.

We lack jurisdiction over Sianipar's CAT claim because she did not exhaust it before the BIA. *See Barron*, 358 F.3d at 677-78.

09-73306

We do not consider the new exhibit Sianipar attached to her opening brief because our review is limited to the administrative record before the BIA. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

We lack jurisdiction over Sianipar's claim that the BIA misapplied the hardship standard to the facts of her case and did not consider this court's decision in *Tampubolon*, because the claim does not raise a colorable constitutional issue. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005) (no colorable constitutional claim where petitioner argued the agency erred in finding she did not meet the "exceptional and extremely unusual hardship" requirement). Similarly, we reject Sianipar's due process claim based on family unity considerations. *See id.*; *see also De Mercado v. Mukasey*, 566 F.3d 810, 816 (9th Cir. 2009) (rejecting due process argument regarding hardship determination based on family unity considerations).

Finally, we lack jurisdiction to review the claim that the IJ inappropriately questioned Sianipar and her counsel because that claim was not exhausted before the agency. *See* Barron, 358 F.3d at 677-78.

**PETITION FOR REVIEW IS DENIED in part; DISMISSED in part.**